**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KEVIN DANIEL MATOS MALENDEZ,

Petitioner,

v. Case No. 3:26-cv-2723-WWB-LLL

MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner is proceeding through counsel on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging "the legal basis and adequacy of the process supporting his present immigration detention." (Doc. 1 at 2, 9, 19). Petitioner contends that his mandatory detention without an individualized bond hearing violates due process, and seemingly also asserts that it violates the Immigration and Nationality Act ("**INA**"). (*See id.* at 9–12). As relief, he seeks release from detention or other "relief tailored to [a] violation" of the applicable "statutory framework." (*Id.* at 19).

Federal Respondents argue that Petitioner is properly "subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien whose parole previously terminated." (Doc. 6 at 1). According to Federal Respondents, the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), does not control because Petitioner's "parole at a port of entry allowed his otherwise mandatory § 1225(b)(2)(A) detention to be suspended, subject, however, the government's right to treat him 'as if stopped at the border.'" (Doc. 6 at 4–6 (citing *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 139 (2020))). They further argue that should the Court disagree with their position, the proper remedy would be an individualized bond hearing, not immediate release. (*Id.* at 6).[1]

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 175 F.4th at 1276. While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner who was detained within the interior of the United States—not at the border. *See id.* at 1285 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). Also, he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted); *see also Mendes v. Ripa*, No. 3:26-cv-118, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026) (concluding that *Hernandez Alvarez* applies equally to a petitioner who was paroled into the country and detained in the interior after the parole term expired).

Federal Respondents' reliance on *Thuraissigiam* is not persuasive because that decision did not address the mandatory detention of an alien apprehended in the interior post-termination of parole. Rather, it addressed whether an alien who was "apprehended

---

[1] In his Reply, Petitioner appears to concede that the proper remedy would be an individualized bond hearing under 8 U.S.C. § 1226(a), not immediate release, as he requests in his Petition. (*See* Doc. 8 at 5). He clarifies that he is seeking an individualized bond hearing and, if no such hearing is held, "release under reasonable conditions." (*Id.*).

in the very act of attempting to enter this country" and subject to expedited removal could pursue habeas relief under the Suspension Clause or the Due Process Clause "to obtain additional administrative review of his asylum claim and ultimately . . . stay in this country"; the alien was not seeking conditional release from detention pending immigration proceedings. *See* 591 U.S. at 106, 114, 118–19. In fact, in *Thuraissigiam*, "the legality of [the alien's] detention [was] not in question." *Id.* at 117–18, 122.

Considering the opinion in *Hernandez Alvarez* and Federal Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[2]

---

[2] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.*, No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[3] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 6, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of Record

[3] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claim. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).